UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CRIMINAL ACTION NO. 2:07-cr-74-DLB

UNITED STATES OF AMERICA,                                         PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT
                 AND RECOMMENDATION**

JOHN A. ROBINSON                                                   DEFENDANT.

*** *** *** ***

This matter is before the Court John A. Robinson's, ("Robinson"), *pro se* Motion to Return Seized Property and Items, Pursuant to RULE 41 of the FEDERAL RULES OF CRIMINAL PROCEDURE, [Record No. 126], and Motion to Amend RULE 41(g) Motion, [Record No. 137]. The matter has been referred to the undersigned for the preparation of a report and recommendation. [Record No. 151]. Robinson is seeking the return of personal belongings taken by law enforcement during its investigation, and also seeks monetary damages if the items cannot be returned. [Record No. 148]. For the reasons discussed below, it will be recommended that Robinson's motion be denied.

I.   FACTUAL & PROCEDURAL BACKGROUND

Robinson was arrested on September 10, 2007 by Erlanger Police Department for attempting to break into a Fifth Third Bank night deposit box. [Record No. 126, at 1]. The police seized all of his personal belongings at the time of arrest. [Record No. 126, at 1]. The investigation and all evidence seized by the Erlanger Police Department was turned over to federal officials. [Record No. 154-1]. After a jury trial, Robinson was found guilty of attempted bank burglary on March 5, 2008. [Record Nos. 62; 93, at 58.8-10]. After the trial, the FBI

released to Robinson's parents all property seized but not used as evidence. [Record Nos. 154-1, at 14-20, & 143, at ¶¶ 13-19].

On January 9, 2012, Robinson filed the instant motion seeking return of the following items: 1) one (1) blue and yellow striped shirt; 2) one (1) pair of navy blue pants; 3) one (1) pair of black dress boots; 4) one (1) pair of prescription eyeglasses; 5) one (1) checkbook; 6) one (1) address book; 7) one (1) cellular telephone; 8) numerous personal papers; 9) one (1) wallet; 10) approximately $200.00 in cash; 11) three (3) Mastercard credit cards; 12) one (1) Visa credit card; 13) one (1) Dillard's credit card; 14) one (1) Homedepot gift card with a $80.00 balance; 15) one (1) Walmart gift card with a $45.00 balance; 16) one (1) Walmart gas gift card with a $120.00 balance; and 17) one (1) driver's license. These items were seized during the course of the investigation but were not the subject of forfeiture proceedings. [*See* Record No. 10]. After a response by the United States and without a timely reply from Robinson, the Court denied Robinson's motion. [Record No. 134]. However, after receiving Robinson's reply, the Court vacated its previous Order, because Robinson provided substantive evidence to dispute the facts set forth by the United States. [Record No. 138]. Robinson also sought to amend his motion for the return of property to seek monetary damages under the Federal Tort Claims Act if his property could not be returned. [Record No. 137]. The Court then referred the matter to the undersigned for review, including for the purpose of an evidentiary hearing if required, and preparation of a report and recommendation. [Record No. 151]. After review of the briefs and evidence submitted, the Court ordered the government to submit additional evidence, including inventory and chain of custody records concerning Robinson's property. [Record No. 153]. The government submitted the evidence requested to which Robinson filed a supplemental reply. [Record Nos. 154 & 155].

2

After review of the arguments and evidence presented, the Court determined that,

> [w]hile the items may not have been returned to Robinson's parents, the evidence presented by the government is sufficient to establish that the government is no longer in possession of the property. However, since the property was not returned to Robinson's parents, the Court 'must determine what happened to the property.' <u>United States v. Chambers</u>, 192 F3d 374, 378 (3rd Cir. 1999) (citations omitted). As there are factual disputes as to the disposition of the property, the Court must hold an evidentiary hearing.

[Record No. 161, at 5]. Accordingly, an evidentiary hearing was held on February 21, 2013.

At the evidentiary hearing, FBI Special Agent Glenn Van Airsdale testified that he took custody of all evidence seized by the Erlanger Police Department other than Robinson's driver's license, which the Erlanger Police Department kept in its file. On September 11, 2009, Agent Van Airsdale delivered Robinson's property in the custody of the FBI and clerk of the court to the home of Robinson's father. At that time, Agent Van Airsdale turned over all property in the possession of the government to Robinson's father, as indicated by the Receipt for Property Released signed by Robinson's father. [Record No. 154-1]. Agent Van Airsdale also recognized a discrepancy between the inventory sheets and the Receipt for Property Released in reference to the clothing and personal belongings seized that were on Robinson's person at the time of his arrest. Although the receipt did not specifically list the items Robinson now seeks, agent Van Airsdale testified that he confirmed that none of Robinson's property remains in the federal government's custody, and he had no further knowledge regarding the location of items if they were not returned to Robinson's father.

## II.  <u>ANALYSIS</u>

For property seized but not subject to a forfeiture proceeding, FEDERAL RULE OF CRIMINAL PROCEDURE 41(g) provides that "[a] person aggrieved . . . by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). In the motion before the

3

Court, the evidence shows that the government took custody of the items Robinson seeks to have returned, with the exception of the driver's license. [Record Nos. 154-1, at 1 & 4 (under Location 2: Suspect in Squad Car); 143, at ¶ 18 (showing the Erlanger Police Department maintained custody of Robinson's driver's license)]. Special Agent Van Airsdale's affidavit and testimony also establish that the government is no longer in possession of any of Robinson's property seized during the course of the investigation. [Record No. 143, at ¶¶ 13-19]. The evidence further shows that the FBI returned all property in its possession to Robinson's parents. [Record No. 154-1, at 14-20]. What is unclear is what happened to the property which is the subject of this motion. The property may have been returned to Robinson's father, but not properly described on the Receipt. In any event, since the property is no longer in the custody of the government, it cannot be returned to Robinson. Therefore, Robinson cannot exercise the right of replevin afforded by RULE 41(g).

Since Robinson cannot recover the property itself, and Rule 41(g) does not allow an award of monetary damages, McBean v. United States, 43 Fed. Appx. 853, 855 (6th Cir. 2002), the Court should grant his motion to amend, [Record No. 137]. Further, Robinson's *pro se* filing should be construed as a civil complaint under the Federal Tort Claims Act. 28 U.S.C. §§ 2401, et seq. & 2631, et seq.; *see also* United States v. Morales, No. 02 Civ. 10326(JFK), 2003 WL 21692752, at *2 (S.D.N.Y. July 21, 2003); Rufu v. United States, 20 F.3d 63 (2d Cir. 1992).

Due to the current procedural posture of Robinson's motion, the Federal Tort Claims Act, ("FTCA"), does not provide Robinson with monetary relief. Under the FTCA, "an action shall not be instituted upon a claim against the United States for money damages for the injury or loss of property . . . unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. §

2675. Further, the FTCA states, ". . . a tort claim against the United States shall be forever be barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). Robinson does not contend or present evidence that he has sought relief through the administrative procedures of the FBI. Robinson's "failure to file would be enough to dismiss an FTCA claim because such a filing is a requirement that is 'jurisdictional and cannot be waived.'" Morales, 2003 WL 21692752, at 5 (quoting Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983); *see also* McNeil v. United States, 508 U.S. 106, 113 (1993). Moreover, if Robinson was to file with the FBI, his claim would now be barred by the statute of limitations. Robinson's property was released to his father in September of 2009. Robinson reasonably should have discovered the property was missing and his claim would have accrued more than two (2) years ago. *See* Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999). Therefore, the FTCA would preclude Robinson's administrative claim due to the statute of limitations. Since Robinson has not exhausted his administrative remedies and is barred from doing so by the statute of limitations in the FTCA, he cannot recover damages for the value of his property. In sum, this Court does not have jurisdiction to grant Robinson monetary damages under the FTCA. Since the Court can grant Robinson no relief, his motion must be denied.

### III. CONCLUSION

For the reasons stated above, and the Court being otherwise sufficiently advised,

IT IS RECOMMENDED AS FOLLOWS:

(1)   That the Defendant's Motion to Amend RULE 41(g) Motion [Record No. 137] be GRANTED; and

(2)     That the Defendant's Motion to Return Seized Property and Items, Pursuant to Rule 41 of the FEDERAL RULES OF CRIMINAL PROCEDURE [Record No. 126] and Motion for an award of damages under the FTCA be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation.  Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed February 26, 2013.



Signed By:
Edward B. Atkins    EBA
United States Magistrate Judge